

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-5139
Re: Authority of the Commis-
sioner of Bureau of Labor
Statistics to inspect steam
boilers where the steam is
generated by chemicals or
hot oil rather than by fire.

        Your letter of March 18, 1943 addressed to this
office, reads as follows:

        "Under our Texas Boiler Inspection Law, House
Bill 352 - 45th Legislature (Acts 1937, ch. 436, p.
893), as amended by House Bill 419 - 46th Legisla-
ture (Acts 1939, ch. 1, 'Labor', p. 433), boilers
as used in the Act shall mean any vessel used for
generating steam for power or heating purposes.

        "Ordinarily, in reading this law a person would
be led to believe that a boiler would be a vessel in
which steam is generated by the use of heating water
with fire. However, in the last year or so industrial
chemistry has advanced very rapidly and we now have
vessels in which steam is generated not only by the
use of fire but by the use of chemicals and in some
instances, where fires cannot be used, by hot oil
sometimes reaching 1300 and 1400 degrees fahrenheit.
In most of these cases the water passes through a
heat exchanger and is heated by coming in contact
with tubes containing hot fluids, gases or air.

        "Question now pending before this Department is
whether or not such steam generating plants are sub-
ject to inspection and approval by this Department
under the provisions of our Texas Boiler Law."

As noted in your letter, Article 5221e, which contains numerous sections, defines the term "boiler" as follows:

"'Boiler' as used herein shall mean any vessel used for generating steam for power or heating purposes."

Section 2, among other things provides:

"No steam boiler, unless otherwise specifically exempted in this Act, shall be operated within the State of Texas unless such boiler has been registered with the Bureau of Labor Statistics and there shall have been issued a Certificate of Operation for such boiler, as hereinafter provided for, . . . ."

Section 3 reads as follows:

"Exemptions from act

"Section 3. The following boilers are exempt from the provisions of this Act:

"'(1) Boilers under Federal control and stationary boilers at round houses, pumping stations and depots of railway companies under the supervision or inspection of the Superintendent of Motive Power of such railway companies;

"'(2) Boilers on which the pressure does not exceed fifteen (15) pounds per square inch;

"'(3) Automobile boilers and boilers on road motor vehicles;

"'(4) Boilers used exclusively for agricultural purposes;

"'(5) Boilers for heating in buildings occupied solely for residence purposes with accommodations not to exceed four (4) families;

"'(6) Boilers used for cotton gins.'"

Those boilers described in the foregoing Section are those referred to in Section 2 as "otherwise specifically exempted in this Act." It will be noted that none of these exceptions are based on any particular method or means by which steam is generated, but upon use, Federal Control, pressure, and supervision or inspection.

Section 4 reads in part as follows:

"Section 4. The Commissioner shall cause to be inspected internally and externally not less frequently than once each twelve (12) months each stationary steam boiler subject to the provisions of this Act. Each portable steam boiler subject to the provisions of this Act shall be inspected externally each time it is moved to a new location, provided that an internal inspection shall be made of each such boiler at least once each twelve (12) months. If such boilers referred to herein are found, upon inspection, to be in a safe condition for operation, a Certificate of Operation shall be issued by the Commissioner for its operation for a period not longer than one year from date of such inspection. . . . ."

Said section provides the procedure to be followed where an inspected boiler is found "to be in an unsafe or dangerous condition," and for withholding of a Certificate of Operation by the Commissioner.

It is apparent that the purpose of this legislation is to protect life and property from explosions of steam boilers.

You are advised it is our opinion that the class of boilers described in your letter are subject to your inspection, unless exempted therefrom by one or more of the specifically named exceptions enumerated in Section 3.

APPROVED APR 2, 1943

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL

DWH/pw

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *[signature]* David W. Heath

David W. Heath
Assistant

APPROVED
OPINION
COMMITTEE
BY *[initials]*
CHAIRMAN